# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JAIMIN P. PRAJAPATI**
**United States Army, Appellant**

ARMY 20250162

Headquarters, First Theater Sustainment Command
John R. Maloney, Military Judge (arraignment & motions hearing)
Benjamin W. Hillner, Military Judge (trial)
Lieutenant Colonel John C. Olson, Jr., Special Trial Counsel

For Appellant: Major Andrew M. Hopkins, JA; William E. Cassara, Esquire (on brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Elizabeth G. Van Dyck, JA; Captain Melissa D. Zigrang (on brief).

2 July 2026

--------------------------------
SUMMARY DISPOSITION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MURDOUGH, Judge:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his plea, of one specification of sexual harassment in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [U.C.M.J.]. The military judge sentenced him to be confined for 100 days and to be reduced to the grade of E-2. On appeal, appellant asserts that the military judge erred in accepting his guilty plea.[1] Appellant pled guilty, pursuant to a plea agreement, to a constructively

---

[1] Appellant also claims his conviction is legally insufficient. As we have said before, when an appellant alleges both legal insufficiency and an improvident guilty plea, the "second assignment of error eclipses the first" because "[i]n a guilty plea, the factual basis for the conviction is the accused's statements presented to the military judge during the providency inquiry." *United States v. Barbosa*, ARMY

referred charge and specification that he had negotiated in lieu of the charges and specifications originally preferred against him. Appellant asks that we dismiss the case entirely. The government concedes that his plea was improvident but requests we return the case for a rehearing. We accept the government's concession, agree that the plea was improvident, set aside the findings, and authorize a rehearing.

## BACKGROUND

While on a forward operating base in a foreign country, appellant entered a female latrine and used a toilet. At some point while appellant was in the latrine, a shower began to run. Appellant left the stall, heard a scream, and ran out of the latrine. After a brief investigation, appellant was charged with six total specifications of four different charges. Appellant and the referral authority eventually entered into a plea agreement whereby appellant agreed to plead not guilty to the charges and specifications preferred against him. Instead, appellant would plead guilty to a single specification of sexual harassment for "knowingly engag[ing] in conduct of a sexual nature, to wit entering the female latrine while [the victim] was showering . . . ."

At trial, appellant pled not guilty to every charge and specification preferred against him and pled guilty to the sexual harassment specification that was constructively referred by operation of the plea agreement.[2] He also entered a stipulation of fact in which he stated "When the [appellant] entered the female latrine, he intended to intrude upon the privacy of a female showering, who the [appellant] reasonably knew would have been nude." The military judge informed appellant of the elements of sexual harassment in violation of Article 134, UCMJ.[3]

---

20240538, 2026 CCA LEXIS 83, at *5 (Army Ct. Crim. App. 12 Feb. 2026) (summ. disp.) (citations omitted).

[2] A charge or specification that is "constructively referred" is one that is not properly preferred under Rule for Courts-Martial [R.C.M.] 307 or referred under R.C.M. 601, but for which an accused nonetheless voluntarily submits to trial, usually as part of a plea agreement in lieu of other charges or specifications. *See generally United States v. Vega*, ARMY 20180467, 2019 CCA LEXIS 109, at *4 (Army Ct. Crim. App. 8 Mar. 2019) (summ. disp.). By accepting a plea agreement in which the accused agreed to plead guilty to this newly-drafted specification, the referral authority "constructively referred" it to the court-martial. *See United States v. Wilkins*, 29 M.J. 421, 424 (C.M.A. 1990) (accepting a plea agreement to an unpreferred, unreferred charge is "the functional equivalent of an order by the [referral] authority that the charges be referred to the court-martial for trial.").

[3] *See Manual for Courts-Martial, United States* (2024 ed.) [*MCM*], pt. IV, ¶ 107a.b.

2

The subsequent providence inquiry into this single specification lasted for 152 minutes, punctuated by repeated recesses.

Appellant stated that he entered the latrine because he urgently needed to use the bathroom. At first, he said he did not know it was the female latrine, then later acknowledged that he had seen the sign. Repeatedly, when the military judge asked why he entered the latrine, he said that he entered because he urgently needed to use the bathroom. He then said he heard the shower come on, and "*likely* knew [the occupant] was a female because I realized it was a female latrine" (emphasis added). When he left the latrine stall, he heard a scream but did not see or make eye contact with anyone and ran out of the latrine building. When asked why his conduct was unwelcome, he said, "because males are not supposed to be in the female latrine." Notwithstanding the language of his stipulation, he repeatedly stated that he did not know there was a female in the latrine when he entered it.[4] On multiple occasions, appellant stated, "I did intend to intrude on the privacy [of the female] by staying there, after realizing that it was a female latrine . . . " or words to that effect.

Repeatedly, when asked what made his conduct sexual in nature, appellant only said that the victim "was showering and is like naked and . . . that just intruded upon her privacy," though he also admitted he never actually saw the victim and only became aware of her presence after he had already entered the latrine. Appellant's defense counsel repeatedly interrupted the military judge's questioning to reframe or purport to clarify statements made by the appellant. Twice, trial defense counsel objected to the military judge's questioning as inquiring into "uncharged misconduct." The first objection came while the military judge attempted to probe a possible defense of mistake or accident. The second came more than two hours into the inquiry, after the military judge returned yet again to whether the appellant's conduct was sexual in nature, and appellant again answered only, "it was specifically me being in there because at that time she was showering and she became aware." This second objection precipitated a lengthy discussion between the military judge and defense counsel. Afterward, the trial defense counsel proposed, and trial counsel agreed, to change the word "entered" to "stayed" in the specification and corresponding portions of the stipulation of fact.

After granting the motion to amend the specification and stipulation, the military judge asked only a few terse questions of appellant. Pertinent to this appeal, the military judge asked, "Do you admit that this action was sexual in nature,

---

[4] A stipulation of fact, if accepted into evidence, is binding on the court-martial and may not be contradicted. R.C.M. 811(e); *see also United States v. Fisher*, 58 M.J. 300, 303 (C.A.A.F. 2003).

as I have defined that term for you?" to which appellant answered only, "Yes, Your Honor" without elaboration.[5]

The military judge found appellant provident and accepted his plea. Pursuant to the plea agreement, the trial counsel made, and the military judge granted, a motion to dismiss the original charges and specifications without prejudice, to ripen into prejudice upon completion of appellate review.

## DISCUSSION

"We review a military judge's acceptance of a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Tucker*, 78 M.J. 183, 185 (C.A.A.F. 2018) (citation omitted). "The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citation omitted). A military judge abuses his discretion "if he fails to obtain from the accused an adequate factual basis to support the plea." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citation omitted).

In his brief to this court, appellant succinctly describes the extraordinarily protracted providence inquiry:

> appellant's inability to articulate why any of this conduct was sexual in nature, including his decision to remain in the stall after he finished toileting, led the military judge to repeatedly admit that he struggled to understand how appellant's conduct satisfied the first element of the offense. . . . Accordingly, it is reasonable to conclude that the military judge determined that appellant's conduct of entering the latrine and staying there was not sexual in nature, otherwise the military judge would not have found it necessary to press appellant to explain what was sexual about his conduct.

After more than two hours of this struggle, the parties replaced "entered" with "stayed," yet the military judge still did not obtain an adequate factual basis for how appellant's mere presence made "staying" in the latrine knowing conduct of a sexual

---

[5] Sexual harassment in violation of Article 134, UCMJ, requires not only that the conduct be sexual in nature but "The accused must have actual knowledge that he or she is . . . engaging in . . . conduct of a sexual nature." *MCM*, pt. IV, ¶ 107a.c(4).

nature any more than "entering" was.[6] We agree with both the government and appellant that the military judge abused his discretion by accepting the plea.

Appellant asks us to simply dismiss the sole remaining charge and its specification, while the government requests a rehearing. We have in the past authorized a rehearing when a guilty plea is successfully challenged on appeal. *See, e.g., United States v. Stout*, ARMY 20120592, 2014 CCA LEXIS 469, at *19-20 (Army Ct. Crim. App. 25 Jul. 2014) (mem. op.); *United States v. Douangdara*, 2025 CCA LEXIS 520, at *7 (Army Ct. Crim. App. 28 Oct. 2025) (mem. op.).

Rehearing is particularly appropriate in this case given the atypical procedural posture. Because we have held appellant's guilty plea to be improvident, the government might wish to withdraw from the plea agreement. *See* R.C.M. 705(e)(4)(B)(iv). Appellant was originally charged with six specifications. Pursuant to his plea agreement, all of them have been dismissed without prejudice, to ripen into prejudice upon completion of appellate review. It would be a highly unjustified windfall to allow appellant to avoid trial on those specifications by agreeing to plead guilty to a different specification, the language of which he specifically negotiated, and then bar the government from returning to the *status quo ante* by successfully challenging this same conviction on appeal. *See, e.g., United States v. Stout*, ARMY 20120592, 2018 CCA LEXIS 174, at *7-10 (Army Ct. Crim. App. 9 Apr. 2018) (mem. op.) (permitting the government to reinstate charges that had been conditionally dismissed pending appellate review after appellant had successfully challenged his original conviction on appeal), *aff'd on other grounds*, 79 M.J. 168 (C.A.A.F. 2019).

We place the parties "in the same position as they were" prior to the plea agreement. *Id.* at *9 (citations omitted). They can proceed as they will, whether toward a contested trial or some other disposition.

---

[6] "It is not enough to elicit legal conclusions. The military judge must elicit facts to support the plea of guilty." *United States v. Clemmons*, ARMY 20120008, 2013 CCA LEXIS 408, at *6 (Army Ct. Crim. App. 16 May 2013) (mem. op.) (citing *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996)), pet. denied, 72 M.J. 435 (C.A.A.F. 2013). The military judge's sole "leading and conclusory" question, "Do you admit that this action was sexual in nature, as I have defined that term for you?" did not elicit any supporting facts and was inadequate to establish this element. *See id.* at *7.

## CONCLUSION

The findings and sentence are SET ASIDE.

The military judge's ruling dismissing Charges I, II, III, and IV, and all specifications thereof is VACATED.

A rehearing is authorized.

Senior Judge MORRIS and Judge JUETTEN concur.

FOR THE COURT:

JAMES W.     R
Clerk of Court